### CITY OF NEW YORK v. UNITED STATES et al.

(District Court, E. D. New York. March 16, 1921.)

No. 780.

Commerce ⬤—95—Finding by Interstate Commerce Commission that railroad is engaged in interstate commerce binding on courts.

A finding by the Interstate Commerce Commission that a railroad is engaged in interstate commerce and subject to the jurisdiction of the commission, if supported by any evidence, is binding on the courts.

In Equity. Suit by The City of New York against the United States and the members of the Interstate Commerce Commission, in which State of New York and others intervened. On motion by complainant for preliminary injunction. Denied.

Suit under the Commerce Court Act (36 Stat. 539), and Urgent Deficiencies Act Oct. 22, 1913 (38 Stat. 219), to enjoin, set aside, annul, or suspend an order of the Interstate Commerce Commission (59 Interst. Com. Com'n R. 29), to the extent that it applies to the Long

⬤—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Island Railroad Company and the Staten Island Rapid Transit Railway Company. Hearing on motion of plaintiff for preliminary injunction. Motion denied.

Vincent Victory, of New York City (John P. O'Brien, Corp. Counsel, and George P. Nicholson, both of New York City, on the brief), for plaintiff.

Cortland A. Johnson, Deputy Atty. Gen. of New York (Charles D. Newton, Atty. Gen. of New York, and Edward G. Griffin and George L. Meade, Deputy Attys. Gen. of New York, on the brief), for interveners State of New York and Newton.

John A. Mullen and Terence Farley, both of New York City, for intervener Public Service Commission, Second Department.

Blackburn Esterline, Sp. Asst. Atty. Gen., of Washington, D. C., for the United States.

P. J. Farrell, of Washington, D. C., for defendants Clark and others, as Interstate Commerce Commission.

Before MANTON, Circuit Judge, and CHATFIELD and GARVIN, District Judges.

PER CURIAM. By this bill of complaint, the complainant seeks an injunction restraining the enforcement, operation, and execution of an order made and entered by the Interstate Commerce Commission. The order fixes rates and fares to be charged by the Long Island Railroad Company and the Staten Island Rapid Transit Railway Company. The city seeks to restrain it from beginning or maintaining any prosecution against the Long Island Railroad Company and the Staten Island Rapid Transit Railway Company to compel the enforcement and execution of its order, thus fixing rates and fares so established. By motion, it seeks an injunction pending the hearing and determination of the plaintiff's application for such interlocutory injunction.

The city, by reason of its interest in its duty to the residents and taxpayers of the locality, together with its interest as a shipper and receiver of milk and cream for its institutions, has, as such, a right to legally commence and maintain this suit. It also has such interests in the Staten Island Rapid Transit Railway Company, as well as an interest and rights in the franchise of said railway company.

The question presented in this case is the same as in State of New York v. United States (decided February 21, 1921, Northern District of New York) 272 Fed. 758, where it was held that the Interstate Commerce Commission could fix rates and fares for intrastate traffic on interstate railroads in the state of New York, and that the Transportation Act (section 416), providing therefor, was constitutional. We feel controlled by this authority, unless the Long Island Railroad Company and the Staten Island Rapid Transit Railway Company are not engaged in interstate commerce within the meaning of the Transportation Act. It was determined by the Interstate Commerce Commission in Ex parte 74, 58 Interst. Com. Com'n R. 220, that these two companies, with all the others referred to in that proceeding, were engaged as carriers of interstate commerce. There was testimony be-

272 F.—49

fore the Commission indicating that the interline business of the railroad was divided between points on the line of the Long Island Railroad and points connecting therewith in other parts of the state of New York and points on the line of said railroad and points on the line connecting therewith in other states. It also appears that the Long Island Railroad Company filed tariffs with the Interstate Commerce Commission and the latter has regulated its rates and fares, as it has other interstate carriers. It was therefore engaged in interstate commerce. The Staten Island Rapid Transit Railway Company also did business in interstate commerce. This is found as a fact by the Commission in Ex parte 74. The findings of the Interstate Commerce Commission as to these facts are conclusive upon us, since they have some evidence to support them. Ill. Central Ry. Co. v. Interstate Commerce Comm., 206 U. S. 441, 27 Sup. Ct. 700, 51 L. Ed. 1128; Interstate Commerce Comm. v. Ill. Central Ry. Co., 215 U. S. 452, 30 Sup. Ct. 155, 54 L. Ed. 280; B. & O. R. v. Pitcairn Coal Co., 215 U. S. 481, 30 Sup. Ct. 164, 54 L. Ed. 292; Proctor & Gamble Co. v. United States, 225 U. S. 282, 32 Sup. Ct. 761, 56 L. Ed. 1091.

Motion for injunction is denied.